# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL THAI, | ) | CASE NO.  1:18-CV-00888 |
| | ) | |
| *Plaintiff,* | ) | JUDGE DAN A. POLSTER |
| | ) | |
| v. | ) | **JOINT MOTION FOR APPROVAL OF** |
| | ) | **SETTLEMENT** |
| WALKWAY RESTORATION, INC., et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

NOW COME Plaintiff Michael Thai and Defendants Walkway Restoration, Inc. and Michael Zatelli (collectively referred to as the "Parties"), by and through counsel, and respectfully move this Court to approve the Settlement reached by the parties and memorialized in the Settlement Agreement ("Settlement") that will be provided to the Court separately.  The Settlement seeks to resolve the claims Plaintiff asserted or could have asserted against Defendants, including claims under the Fair Labor Standards Act ("FLSA").

The Parties respectfully submit that the Settlement between Plaintiff and Defendants satisfies the criteria for approval under § 216(b) of the FLSA.  The Settlement was achieved following Defendants' production of time and payroll information and negotiation between the parties.

The settlement documents submitted for approval by the Court consist of the following:

Exhibit 1:   Settlement Agreement (provided separately)

Exhibit 2:   Stipulated Order (filed herewith)

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

**I.     THE ACTION**

Plaintiff initiated this action under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  [Dkt. #1].  Plaintiff claims that Defendants violated the FLSA by failing to pay overtime for all hours worked over 40 in a workweek.  Defendants denied, and continue to deny, the allegations in Plaintiff's Complaint.

**II.    THE NEGOTIATIONS**

Counsel for the Parties discussed resolving this case rather than incur the expense that would otherwise be associated with litigation.  To facilitate this effort, Defendants produced time and payroll information for review by Plaintiff's counsel. Following that review, the Parties reached a comprehensive agreement to resolve this entire matter.  The Settlement satisfies any demand by Plaintiff for alleged unpaid overtime, liquidated damages, costs and payment of attorney's fees.

**III.   THE SETTLEMENT TERMS**

If approved by the Court, the Settlement will resolve all issues between Plaintiff and Defendants in this case. Plaintiff will receive the amount stated in the Settlement Agreement provided separately to the Court as Exhibit 1 and attorney's fees as stated therein.  In exchange, the Action will be dismissed with prejudice, each party to bear its own costs and fees.

**IV.    THE PROPRIETY OF APPROVAL**

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA.  As explained below, Court approval is warranted on all scores.

The Settlement is a fair resolution of a bone fide dispute.  The court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness."  *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1

(S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

The Parties state that the payment to Plaintiff is fair, reasonable, and adequate. If approved by the Court, the proposed Settlement will make payments available to Plaintiff representing what he and his counsel believe represent the potential value of his claims.

Plaintiff's counsel will receive an agreed-upon amount for attorneys' fees and reimbursement of litigation costs. The payment to counsel is the result of bargaining and represents a significant reduction from the total fees and costs that would be expended in the prosecution of the action.

Accordingly, the settlement proceeds are fair, reasonable and adequate.

**V.      CONCLUSION**

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order attached as Exhibit 2.

Respectfully submitted,

 */s/ David W. Neel*_____
David W. Neel, Esq. (#0033611)
David W. Neel, LLC
16781 Chagrin Blvd.
Shaker Heights, Ohio 44120
Telephone: (216) 522-0011
Facsimile: (844) 548-3570
Email: dwneel@neellaw.com

*Attorney for Plaintiff
Michael Thai*

*/s/ Brian J. Kelly*
*Brian J. Kelly (0063679)*
*bkelly@frantzward.com*
***Frantz Ward LLP***
*200 Public Square, Suite 3000*
*Cleveland, OH  44114*
*216-515-1660*
*216-515-1650 (fax)*

*Attorney for Defendants*
*Walkway Restoration, Inc. and Michael Zatelli*

## CERTIFICATE OF SERVICE

The foregoing was filed electronically on June 20, 2018, and notice of this filing will be sent by operation of the Court's electronic filing system.

                                                    */s/ Brian J. Kelly*
                                                    Attorneys for Defendant